BOLIN, Judge.
This is a companion suit to Forge, Inc. v. Peerless Casualty Co., Inc., et al., La.App. 2 Cir., 1961, 131 So.2d 838. It is, therefore, only necessary to briefly outline the circumstances giving rise to this action.
L. A. West leased to defendants, Brown and Merhige, a vacant lot in Forsythe Shopping Center, Monroe, Louisiana, for the purpose of erecting a building and operating a restaurant and recreation center thereon. There were two five year leases containing acceleration clauses should the lessees default in the payment of two monthly rent installments. The lease agreements also provided for 6% per annum interest on unpaid installments and for 10% of the aggregate of interest and principal as attorney’s fees should the lessees default in payment of the rent. The first lease covered the period September 1, 1954 through August 31, 1959, and the second was to begin September 1, 1959 and terminate August 31, 1964.
The lessees erected the contemplated building and began operation of a restaurant known as “The Forge”. Thereafter, a corporation was formed and the interest of defendants was transferred thereto and Brown subsequently purchased Merhige’s interest in this corporation known as The Forge, Inc. On October 8, 1958, the building was destroyed by fire. Rent was paid through February, 1959, but defendants did not make any payments thereafter. In October, 1959, plaintiff brought this suit for the total amount of rent due under both lease agreements together with interest and attorney’s fees as provided in the lease agreements.
The lower court awarded judgment as prayed for in favor of West and against both defendants. From this judgment, both Brown and Merhige have perfected this appeal.
Defendants’ resistance to the demand for rent is based primarily upon LSA-C.C. arts. 2697 and 2699 claiming that “the thing” leased was destroyed by the fire and became unfit for the purpose of the lease, thereby terminating the lease. They say this is true because of the lease clause which provides that any improvements erected by the lessees would become the property of the lessor at the termination of the lease. Therefore, it is contended the building itself was certainly the object of the second lease; that at the termination of the first five year lease, the building would have become the property of the lessor; that when it was burned, the “thing” contemplated for the second lease was destroyed which nullified the lease in question.
However, we cannot agree with this ‘ contention. Both leases clearly provided that any improvements erected would become the property of the lessor at the ter *308 mination of the lease. Therefore, at the time of the fire, the building belonged solely to the assignee of the lessees. It follows that the lessees are in the same position as when the lease was executed, that is, the possessor of a lease covering a vacant lot.
It is contended that the cause of the lease was primarily the erection of a building in furtherance of the development of the shopping center, and the monthly payments under the second lease were increased in contemplation of the lessor owning a building at the termination of the first lease. However, it is admitted that the lease is silent with regard to loss of any improvements due to a fortuitous event such as occurred here. Moreover, we do not find any clause in the lease compelling the lessee to replace any improvements placed on the property which might be destroyed by fire or other accidental means. Therefore, it is our opinion that the defendants now have what they leased — a vacant lot — and, therefore, the articles of the Civil Code relied upon have no application to the controversy at hand. In addition, we have ajudged defendants in the companion case to be entitled to full indemnity for the loss of the building erected which strengthens our belief that they are in the same position as they were at the time of the execution of the lease contracts and should not be relieved of the obligation for the rent payments for the full term of both leases.
In addition to the defense discussed above, defendant Merhige alleged his release from such obligation to pay rent by virtue of his assignment of interest to The Forge, Inc., and to Brown, as well as a lack of demand by West prior to bringing suit.
With regard of the claim of novation, we do not believe the record discloses any acceptance by plaintiff, either real or implied, of such a release of Merhige. We do recognize, however, Merhige’s right of indemnity against Brown and The Forge, Inc., as noted in our opinion in the companion suit of The Forge, Inc., v. Peerless Casualty Company, supra.
Merhige, additionally denies demand by plaintiff herein. However, where defendant denies the obligation in his answer, allegation or proof of such demand is unnecessary. Wadkins v. Wilson Oil Corp., 1942, 199 La. 656, 6 So.2d 720.
For the reasons assigned, the judgment is affirmed at appellant’s cost.
Affirmed,